# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES MILTON DEVONE, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV680 |
| | ) | |
| NATIONAL CASUALTY CO., aka | ) | |
| SCOTTSDALE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.[1]

DISCUSSION

Plaintiff's Complaint names National Casualty Company, also known as Scottsdale Insurance Company, as the sole Defendant. (Docket Entry 2 at 1.)[2] It alleges that Plaintiff suffered aggravation of his preexisting Post-Traumatic Stress Disorder ("PTSD") when a Durham Area Transit Authority ("DATA") bus he rode collided with another vehicle. (Id. at 2.) The Complaint asserts claims against Defendant – DATA's insurer – under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the Americans with Disabilities Act ("ADA"); Title VI of the Civil Rights Act of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

[2] Plaintiff's Complaint includes the phrase "et al." in the caption following Defendant's name; however, it does not list any additional Defendants as Parties. (Docket Entry 2 at 1.)

-3-

1964; 42 U.S.C. §§ 1982, 1983, 1985, and 1986; and the Fourteenth Amendment. (Id. at 1-2.)[3] The Complaint contains the following factual allegations:

1) "Plaintiff was diagnosed with suffering with CHRONIC Post Traumatic Stress Disorder (PTSD), by Dr. Hassan Jabbour, M.D. on December 12, 2007" (id. at 2);

2) "on July 5, 2009, while Plaintiff was a passenger on the Durham Area Transit Authority (DATA), his PTSD was further severely aggravated, when the bus driver, insured by Defendant(s)[,] collided with a single passenger vehicle" (id.);

3) "[a]fter Plaintiff filed a [c]laim with Defendant, Defendant's Claims Agent attempted to use 'coercion' against Plaintiff to settle his [c]laim of 'aggravated' CHRONIC PTSD injury(ies)" (id.);

4) "Defendant(s) 'willfully and intentionally delayed attempting to resolve the matter of compensating Plaintiff for his injuries, over the past two (2) years, eleven months . . . ." (id.);

---

[3] Plaintiff's Complaint also asserts a claim under 18 U.S.C. § 1091 (Docket Entry 2 at 1), a criminal statute which proscribes genocide; however, § 1091 does not create a private cause of action for genocide, see 18 U.S.C. § 1092 ("[N]or shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any proceeding."); Kadic v. Karadzic, 70 F. 3d 232, 242 (2d Cir. 1995) (confirming that § 1091 does not establish private remedy).

5) "Plaintiff's PTSD has continuously aggravated because Defendant will not recognize his [c]laim, inasmuch as he has been 'forced' to reside in a 'High Crime' area . . . ." (id. at 3); and

6) "[r]ecently, Plaintiff has been subjected to even more '[s]tress'[] caused by Defendant not settling his [c]laims of injuries" (id.), including missing a lecture given by his undergraduate advisor (id.), abandoning his research and development to reduce global warming (id.), learning that several of his inventions had been stolen (id. at 4-5), experiencing difficulties riding DATA buses (id. at 4), and having to take out a high-interest loan (id. at 5).

Based on the foregoing allegations, the Complaint seeks "[i]njunctive [r]elief, by ORDERING Defendant(s) to immediately '[c]ease and [d]esist' their irresponsible '[t]orturing' of Plaintiff and[] recognize his [r]equest for [m]onetary [d]amages [p]ayment [in the amount of $32,500,000 in actual damages, $32,500,000 in compensatory damages, and $32,500,000 in punitive damages]." (Id. at 6.)

As an initial matter, Plaintiff's Complaint seeks relief from Defendant as DATA's insurer based on an accident that occurred while he rode a DATA bus. However, the police report (Docket Entry 2, Ex. B at 1) and correspondence from Defendant (Docket Entry 2, Ex. E at 1) both state that the other driver - Katisha Nicole

-5-

Whitley - caused the accident by improperly backing around a corner (see Docket Entry 2, Ex. B at 1; Docket Entry 2, Ex. E at 1). The Complaint neither refutes Ms. Whitley's responsibility for the accident, nor alleges additional facts that support holding Defendant liable on DATA's behalf. (See Docket Entry 2 at 2-5.) Thus, rather than sue the apparently responsible party, Plaintiff has sued Defendant for alleged violations of federal law based on Defendant's handling of Plaintiff's insurance claim.

Plaintiff's Complaint, however, fails to identify a viable cause of action that bears any rational relationship to his factual allegations. For instance, the Complaint invokes the civil RICO statute, but does not identify Defendant's involvement in a pattern of racketeering activity (see Docket Entry 2 at 1-5), as required by the statute, see 18 U.S.C. § 1962; Hemi Grp., LLC v. City of N.Y., 559 U.S. 1, 6 (2010).

Similarly, the Complaint alleges a range of civil rights violations, but does not offer facts to support that Defendant discriminated against him on any basis or deprived him of any constitutional rights. (See Docket Entry 2 at 1-5.) For example, the Complaint asserts a claim under § 1982 - which prohibits race discrimination in property transactions, see generally City of Memphis v. Greene, 451 U.S. 100, 120-22 (1981) - but identifies no racial component in Defendant's conduct (see Docket Entry 2 at 2-5). Along similar lines, the Complaint fails to state a claim

-6-

under the Americans with Disabilities Act, see 42 U.S.C. § 12182(a), because it does not allege Defendant treated Plaintiff differently because of a disability (see Docket Entry 2 at 2-5).

The Complaint's other asserted claims similarly fail as a matter of law. In this regard, the Complaint asserts a claim under § 1983 and the Fourteenth Amendment (see Docket Entry 2 at 1-2), but does not set forth factual matter that would support the required finding that Defendant - a private insurance company - acted under color of state law, see West v. Atkins, 487 U.S. 42, 48 (1988); Shelley v. Kraemer, 334 U.S. 1, 13 (1948). The claims under § 1985 and 1986 (see Docket Entry 2 at 1) also fail because the Complaint does not allege facts showing that Defendant entered into a conspiracy, particularly not "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," 42 U.S.C. § 1985(3); see Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997) ("The text of § 1986 requires the existence of a § 1985 conspiracy."). The Complaint also alleges a violation of Title VI, which prohibits discrimination in federal programs and activities, see 42 U.S.C. § 2000d; however, the Complaint does not identify a federal program or activity (see Docket Entry 2 at 2-5).

In sum, Plaintiff's Complaint fails to state a claim. Moreover, the Complaint seeks recovery for injuries that appear far too attenuated from the alleged facts of the accident or

-7-

Case 1:12-cv-00680-JAB-LPA Document 20 Filed 10/23/13 Page 7 of 9

Defendant's denial of his claim.  See Hemi Grp., 559 U.S. at 8-9 (noting in context of civil RICO claim that "'[t]he general tendency of the law, in regard to damages at least, is not to go beyond the first step'" (quoting Holmes v. Securites Investor Prot. Corp., 503 U.S. 258, 271 (1992))).  The Complaint seeks to recover not only for the alleged aggravation of Plaintiff's PTSD (Docket Entry 2 at 2), but further for Plaintiff being "forced" to reside in an undesirable neighborhood and further "forced" to take out a high-interest loan (id. at 2, 5).  Such damages appear too far removed from Plaintiff's alleged injuries in a bus accident or Defendant's handling of his insurance claim.

As a final matter, to the extent Plaintiff could assert a claim against Defendant under North Carolina law for bad faith - and pursue it in this Court based on diversity of citizenship - the Complaint's allegations cannot support relief.  North Carolina law requires that a plaintiff "allege that the insurer has acted in bad faith by refusing to settle or negotiate with the plaintiff and that the insurers' actions have been a misuse of power and authority tantamount to outrageous conduct reflecting a reckless and wanton disregard of the plaintiff's rights under the insurance policy."  Johnson v. First Union Corp., 128 N.C. App. 450, 457, 496 S.E.2d 1, 6 (1998).  In this case, Plaintiff's own letter to Defendant states that Plaintiff declined Defendant's settlement offer of $500.  (Docket Entry 2, Ex. D at 1.)  Moreover, because

Plaintiff does not allege facts to support DATA's responsibility for the accident (see Docket Entry 2 at 2-5), Defendant has not shown that he has any rights under DATA's insurance policy with Defendant.

CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 23, 2013